```
DALE K. GALIPO, ESQ., SBN 144074
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-333
Facsimile: (818) 347-4118
dalekgalipo@yahoo.com

Attorney for Plaintiffs
```

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

P.C. (by and through his Guardian ad Litem, Jeanette Solis, individually and as successor in inerest to, ESTATE OF MAURICIO CORNEJO (by and through) its representative, Jeanette Solis); E.E., a minor by and through her Guardian Ad Litem ESTHER ESCORCIA; S.G.P., a minor, by and through her Guardian Ad Litem, MARTHA PEREA,

    Plaintiffs,

v.

CITY OF LOS ANGELES, OFFICER JUAN SILVA; OFFICER MATTHEW MENESES; OFFICER VICTOR ARRELANO; OFFICER JOSE SOLORZANO; OFFICER DANIEL CHAVEZ; OFFICER SAL FLORES; OFFICER JASON SMITH; OFFICER RICK CORPEL; and DOES 1 through 10 Inclusive,

    Defendants.

CASE NO: CV09-00842 GW (FFMx)

**COMPLAINT FOR DAMAGES:**

1. **VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES (42 USC §1983);**
2. **CONSTITUTIONAL VIOLATION OF RIGHT TO BE FREE FROM UNLAWFUL STATE INTERFERENCE WITH FAMILIAL RELATIONSHIP (42 USC §1983);**
3. **WRONGFUL DEATH ACTION;**
4. **FALSE ARREST / IMPRISONMENT UNDER 42 USC §1983**
5. **SURVIVAL ACTION;**

**DEMAND FOR JURY TRIAL**

BY FAX

FILED 2009 FEB -5 PM 4:45
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

LODGED

1

COMPLAINT FOR DAMAGES

## COMPLAINT

PLAINTIFFS ("P.C."), ("E.E") and ("S.G.P") individuals, and the ESTATE OF MAURICIO CORNEJO ("ESTATE") complain and allege against Defendants CITY OF LOS ANGELES, a public entity; the involved officer defendants and DOES 1 through 10, individual Los Angeles Police Department ("LAPD") Officers, as follows:

## VENUE AND JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 et. seq., and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 29 U.S.C. Sections 1331 and 1343(1), (2), (3), and (4), and the aforementioned statutory and Constitutional provisions.

2. Venue is proper in the Central District of California. The injury occurred in the City of Los Angeles, California.

## THE PARTIES

3. Plaintiff, P.C., is an individual residing in the City of Whittier, County of Los Angeles, State of California and is the natural born minor son of decedent Mauricio Cornejo.

4. Plaintiff, S.G.P., is an individual residing in the City of Los Angeles, County of Los Angeles, State of California and is the natural born minor daughter of decedent Mauricio Cornejo.

5. Plaintiff, E.E., is an individual residing in the City of Los Angeles, County of Los Angeles, State of California and is the natural born minor daughter of decedent Mauricio Cornejo.

6. At all times herein mentioned, Defendant CITY OF LOS ANGELES was public entity duly organized and existing under and by virtue of the laws of the State of California.

7. Defendants, OFFICER JUAN SILVA and DOES 1 through 10 were City Police Officers, who were at the time of committing the acts alleged hereinafter, duly authorized employees and agents of the CITY, who were acting within the course and scope of their respective duties under color of law and with the complete authority and ratification of their principal, the defendant, CITY.

8. Defendants, OFFICER MATTHEW MENESES and DOES 1 through 10 were City Police Officers, who were at the time of committing the acts alleged hereinafter, duly authorized employees and agents of the CITY, who were acting within the course and scope of their respective duties and under color of law with the complete authority and ratification of their principal, the defendant, CITY.

9. Defendants, OFFICER VICTOR ARRELLANO and DOES 1 through 10 were City Police Officers, who were at the time of committing the acts alleged hereinafter, duly authorized employees and agents of the CITY, who were acting within the course and scope of their respective duties and with the complete authority and ratification of their principal, the defendant, CITY.

10. Defendants, OFFICER JOSE SOLORZANO and DOES 1 through 10 were City Police Officers, who were at the time of committing the acts alleged hereinafter, duly authorized employees and agents of the CITY, who were acting within the course and scope of their respective duties and under the of law and with the complete authority and ratification of their principal, the defendant, CITY.

11. Defendants, OFFICER DANIEL CHAVEZ and DOES 1 through 10 were City Police Officers, who were at the time of committing the acts alleged hereinafter, duly authorized employees and agents of the CITY, who were acting within the course and scope of their respective duties and under color of law and with the complete authority and ratification of their principal, the defendant, CITY.

12. Defendants, OFFICER SAL FLORES and DOES 1 through 10 were City Police Officers, who were at the time of committing the acts alleged hereinafter, duly authorized employees and agents of the CITY, who were acting within the course and scope of their respective duties and with the complete authority and ratification of their principal, the defendant, CITY.

13. Defendants, OFFICER JASON SMITH and DOES 1 through 10 were City Police Officers, who were at the time of committing the acts alleged hereinafter, duly authorized employees and agents of the CITY, who were acting within the course and scope of their respective duties and with the complete authority and ratification of their principal, the defendant, CITY.

14. Defendants, OFFICER RICK CORPEL and DOES 1 through 10 were City Police Officers, who were at the time of committing the acts alleged hereinafter, duly authorized employees and agents of the CITY, who were acting within the course and scope of their respective duties and with the complete authority and ratification of their principal, the defendant, CITY.

15. At all times herein mentioned, PLAINTIFFS are informed and believe and thereon allege that Doe Defendants 1-10 (hereinafter collectively referred to as DEFENDANT POLICE OFFICERS), were residents of the County of Los Angeles, and were police officers, sergeants, detectives, and/or civilian employees, agents and representatives of the LAPD and employees and agents of the City of Los Angeles. At all times relevant hereto, said defendants were acting within the course and scope of their employment as police officers, sergeants, detectives, and/or civilian employees of the LAPD, a department and subdivision of defendant CITY OF LOS ANGELES.

At all times relevant herein, said defendants were acting under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs, practices and usages of defendant CITY OF LOS ANGELES, its police department and/or the State of California.

16. PLAINTIFFS are ignorant of the true names and capacities of defendants sued herein as DOE defendants 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. PLAINTIFFS will amend this complaint to allege their true names and capacities when same shall have been ascertained. PLAINTIFFS are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Decedent's injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

17. At all times relevant hereto, DEFENDANT POLICE OFFICERS employed organized, unlawful, and illegal customs and practices of excessive force, making false arrests, and intentionally causing emotional distress upon innocent victims. Said misconduct was known by, encouraged, tolerated and/or condoned by Defendant CITY OF LOS ANGELES.

### FACTS COMMON TO ALL CAUSES OF ACTION

18. On February 3, 2007, Mauricio Cornejo ("Decedent") was legally traveling in his vehicle when DEFENDANT POLICE OFFICERS, without any cause to arrest or any articulable suspicion that a crime was in process, stopped Decedent.

19. Upon stopping Decedent, DEFENDANT POLICE OFFICERS knew they had no cause to arrest him and, therefore, shattered one of the tail lights in the car Decedent was traveling in to justify the stop of Decedent.

20. Upon witnessing this episode, Decedent became fearful of DEFENDANT POLICE OFFICERS' intentions and began to walk away from them.  21. DEFENDANT POLICE OFFICERS then gave chase and caught Decedent.

21. Upon stopping Decedent, DEFENDANT POLICE OFFICERS used excessive and unreasonable force against the decedent, including beaten

strikes, punches and kicks.

22. Because Decedent had run from them due to his fear of these OFFICERS, DEFENDANT POLICE OFFICERS decided, based upon the informal training they received from their training officers and superiors, that they needed to "teach" Decedent "a lesson" for running from them by beating him both before and after handcuffed.

23. DEFENDANT POLICE OFFICERS then beat Decedent with batons, their feet, and hands to the point where Decedent suffered internal life-threatening injuries that demanded immediate medical attention.

24. However, because DEFENDANT POLICE OFFICERS knew that nothing justified their beating of Decedent, and knew further that involving medical personnel might necessitate their having to explain the situation to uninterested third parties, instead of taking Decedent to the hospital or to seek medical care, took him to the holding cell at the LAPD's Hollenbeck Station.

25. DEFENDANT POLICE OFFICERS then, in an effort to develop a consistent story as to how Decedent had received his injuries, informed DOE DEFENDANTS 6-8 ("JAILER DEFENDANTS") that Decedent had attacked them. Upon doing so, DEFENDANT POLICE OFFICERS knew, or had reason to know, that Decedent would be singled out for even more violence at the hands of the JAILER DEFENDANTS as suspects who are suspected of confronting officers are singled out for violence and punishment by officers at the stations where suspects are housed.

26. As a result, JAILER DEFENDANTS continued the beating of the handcuffed Decedent and continued to deny Decedent access to medical services until Decedent died. Decedent was beaten to death for no reason.

///

///

COMPLAINT FOR DAMAGES

### FIRST CAUSE OF ACTION
### VIOLATION OF DECEDENT'S CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES
### (AS TO POLICE OFFICER AND JAILER OFFICER DEFENDANTS)

27. PLAINTIFFS hereby repeat, re-alleges and incorporates the allegations contained in all paragraphs above as though fully set forth herein.

28. This action is brought pursuant to 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendment to the United States Constitution.

29. At all times relevant hereto, Decedent possessed the right, guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution, to be free from unreasonable searches, seizures, and uses of force by police officers acting under the color of law.

30. As described herein above, POLICE OFFICER DEFENDANTS and JAILER DEFENDANTS, and each of them, violated Decedent's Fourth Amendment rights by unlawfully and unreasonably using excessive force in beating Decedent, who was handcuffed, compliant, and posing no threat of harm.

31. In performing the aforementioned acts, said defendants, acted specifically with the intent to deprive Decedent of his Constitutional rights under the Fourth Amendment to be free from unreasonable seizures, rights of which as police officers, they were fully aware.

32. Said Defendants subjected Decedent to the aforementioned deprivations with either actual malice, deliberate indifference to or a reckless disregard of his rights under the United States Constitution.

33. As a direct and proximate result of the aforementioned acts of said Defendants, Decedent suffered the violation of his Constitutional rights as described above and ultimately and proximately died.

34. The aforementioned acts of said individual defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary

and punitive damages as to said individual Defendants. The plaintiff is seeking survival damages and wrongful death damages under this cause of action.

## SECOND CAUSE OF ACTION
## FOR CONSTITUTIONAL VIOLATION OF RIGHT TO BE FREE FROM UNLAWFUL STATE INTERFERENCE WITH FAMILIAL RELATIONSHIP
## (AS AGAINST POLICE OFFICER DEFENDANTS, JAILER DEFENDANTS AND THE CITY OF LOS ANGELES)

35. PLAINTIFFS hereby repeat, re-alleges and incorporates the allegations contained in all paragraphs above as though fully set forth herein.

36. In unjustifiably and unlawfully beating and killing Decedent while he was handcuffed and compliant, POLICE OFFICER and JAILER DEFENDANTS forever denied P.C., a minor, S.G.P., a minor and E.E., a minor their familial relationship with their father in violation of the Fourteenth Amendment's right to be free from state interference with the familial relationship minors had with Decedent, their father.

37. As a direct and proximate result of said Defendants' conduct, minors suffered, and will continue to suffer, their father's death and furthermore suffer, and will continue to suffer, special damages in the form of lost support throughout their life. The amount of these damages exceeds the jurisdictional amount of this Court

38. The aforementioned acts of said individual defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants.

///

///

8

## THIRD CAUSE OF ACTION
## FOR WRONGFUL DEATH
### (AS AGAINST POLICE OFFICER DEFENDANTS, JAILER DEFENDANTS AND THE CITY OF LOS ANGELES)

39. PLAINTIFFS hereby repeat, re-alleges and incorporates the allegations contained in all paragraphs above as though fully set forth herein.

40. As police officers, DEFENDANT POLICE OFFICERS and JAILER DEFENDANTS owed Decedent, and derivatively, P.C., a duty of reasonable care in the performance of their duties.

41. Defendants breached their reasonable duty of care toward Decedent by unlawfully and unjustifiably beating Decedent, arresting Decedent, and failing to summon medical services for Decedent when Decedent obviously needed said services all leading to Decedent's wrongful death.

42. Defendants' conduct was a substantial factor in causing Decedent's death and, derivatively, minors' wrongful death injuries. The amount of special damages claimed by PLAINTIFFS exceed the jurisdictional amount of this Court, and which will be sought by PLAINTIFF S according to proof at the time of trial. Plaintiffs are seeking wrongful death damages for the defendants' violations of the Fourth and Fourteenth Amendment.

## FOURTH CAUSE OF ACTION
## FOR 42 USC SECTION 1983 FALSE ARREST/IMPRISONMENT
### (Against POLICE OFFICER DEFENDANTS and THE CITY OF LOS ANGELES)

43. The ESTATE OF MAURICIO CORNEJO hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs above as though fully set forth herein.

COMPLAINT FOR DAMAGES

44. As alleged, in addition to being unlawfully and unjustifiably beaten, Decedent was subsequently arrested by DEFENDANT POLICE OFFICERS, and was then held captive and falsely imprisoned in an effort to cover-up their use of illegal force on Decedent.

45. As set forth herein, Decedent's arrest was unlawful in that there was no reasonable suspicion or probable cause to arrest Decedent. Defendant CITY OF LOS ANGELES is liable under the principles of *respondeat superior* for the aforementioned acts of DEFENDANT POLICE OFFICERS pursuant to California Government Code Section 815.2.

46. Defendants' conduct was a substantial factor in causing Decedent to suffer harm in that Decedent incurred severe emotional distress, mental pain, anguish, embarrassment, humiliation, and psychological disturbance. Decedent suffered general damages as a result of the emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial in excess of this Court's jurisdiction due to his wrongful incarceration.

47. The aforementioned acts of said individual defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants. The plaintiffs are seeking survival damages and wrongful death damages under this cause of action.

## FIFTH CAUSE OF ACTION
## SURVIVAL ACTION
### (BY PLAINTIFF ESTATE OF MAURICIO CORNEJO AS AGAINST POLICE OFFICER AND JAILER DEFENDANTS AND THE CITY OF LOS ANGELES)

48. PLAINTIFFS ESTATE OF MAURICIO CORNEJO and minors as successors in interest to the decedent repeat and reallege each and every allegation contained in the paragraphs above as though fully set forth herein.

COMPLAINT FOR DAMAGES

49. From the time of Decedent's beating, until the time of his death, including the time of his incarceration in patrol vehicles and at the Hollenbeck Station jail, Decedent felt pain and suffered the knowledge of his impending death and as a result thereof, suffered great pain and suffering and shock and mortification.

50. The aforementioned acts of said individual defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants. The plaintiffs are claiming survival damages under the Fourth and Fourteenth Amendment.

Dated: February 2, 2009           LAW OFFICES OF DALE K. GALIPO

                                  _____
                                  DALE K. GALIPO
                                  Attorneys for Plaintiffs

## PRAYER

Wherefore, PLAINTIFFS pray for judgment against each defendant as follows:

### AS TO THE ESTATE OF MAURICIO CORNEJO:

1. For general damages in an amount in excess of $10,000,000 to be proven at trial;
2. For loss of earnings and earning capacity as proven at trial;
3. For funeral expenses as proven at trial;

### AS TO MAURICIO CORNEJO:

1. For general damages, emotional and physical pain and suffering in an amount in excess of $15,000,000 to be proven at trial;

### AS TO P.C.:

1. For compensatory and general damages, past, present and future in an amount in excess of $10,000,000 to be proven at trial;
2. For funeral expenses as proven at trial;

### AS TO ALL CAUSES OF ACTION:

1. For costs of litigation;
2. For exemplary damages as against those individual defendants named;
3. For reasonable attorney's fees in the civil rights causes of action; and
4. For such other and further relief as the Court may deem just and proper.

Dated: February 2, 2009

LAW OFFICES OF DALE K. GALIPO

DALE K. GALIPO
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

COME NOW PLAINTIFFS ESTATE OF MAURICIO CORNEJO and minors and respectfully demand that the present matter be set for a jury trial.

Dated: February 2, 2009           LAW OFFICES OF DALE K. GALIPO

                                  _____
                                  DALE K. GALIPO
                                  Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

### CV09- 842 GW (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)  NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.C. (by and through his Guardian ad Litem, Jeanette Solis, individually and as successor in inerest to, ESTATE OF MAURICIO CORNEJO (by and through its representative, Jeanette Solis); E. E., a minor by and through her Guardian Ad Litem ESTHER ESCORCIA; S.G. P., a minor, by and through her Guardian Ad Litem, MARTHA PEREA,<br><br>Plaintiffs,<br>VS.<br><br>CITY OF LOS ANGELES; OFFICER JUAN SILVA; OFFICER MATTHEW MENESES; OFFICER VICTOR ARRELLANO; OFFICER JOSE SOLORZANO; OFFICER DANIEL CHAVEZ; OFFICER SAL FLORES; OFFICER JASON SMITH; OFFICER RICK CORPEL; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case Number:<br><br>CV09-00842 GW (FFMx)<br><br>SUMMONS |

TO:     THE ABOVE-NAMED DEFENDANTS (S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney _____Dale K. Galipo, Esq._____, whose address is:

Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367

An answer to the **X** complaint   ☐ _____ amended complaint   ☐ counterclaim   ☐ cross-claim
Which is herewith served upon you within _____20_____ days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK, U.S. DISTRICT COURT

Date:   FEB -5 2009

By: _____
Deputy Clerk
(Seal of the Court)

**SUMMONS**

CONFORMS WITH JUDICIAL CONCIL FORM # CV-1A (01/01)